*295 F. Supp. 39*

Docket No. 9



FILED

BEFORE THE JUDICIAL PANEL ON

MULTIDISTRICT LITIGATION

PROTECTION DEVICES AND EQUIPMENT
AND CENTRAL STATION PROTECTION
SERVICE ANTITRUST CASES

### MEMORANDUM AND ORDER TRANSFERRING CIVIL ACTIONS UNDER SECTION 1407, TITLE 28 UNITED STATES CODE TO THE SOUTHERN DISTRICT OF NEW YORK

On July 17, 1968, the Panel <u>sua sponte</u> issued an order to show cause why the within litigation should not be transferred to one United States district court for coordination and consolidation of pretrial proceedings. Title 28, United States Code, Section 1407. The order was directed to all parties in the then pending civil treble damage antitrust litigation and was heard on August 8, 1968 by the Panel.

There are presently pending a total of 80 different cases in seven different districts. Of these, four were filed after the order of July 18, 1968. All of these cases have a common genesis in a civil action by the United States against some or all of the present defendants brought in the United States District Court for the District of Rhode Island. That action charged defendants with violations of Sections 1 and 2 of the Sherman Act and sought injunctive relief and divestiture. Relief was granted. <u>United States v. Grinnell Corporation, et al.</u>, 236 F. Supp. 244 (R. I., 1964). The holding was affirmed on appeal, but the case was remanded for a reshaping of the

decree.    384 U. S. 563 (1966).    On July 11, 1967, Judge
Wyzanski, sitting by assignment, entered a modified order,
effective November 1, 1967.    It is this final decree which
forms the common basis for the present litigation.

Of the 80 pending cases, 63 are pending in the Southern
District of New York, including a consumer action by the United
States which was transferred from the District of Rhode Island
on defendants' motion.    All of these cases have been assigned
under that court's Local Rule 2 to the Hon. Charles M. Metzner
for pretrial management and for trial.

All of the cases, not only those pending in the
Southern District of New York, but also those pending in the six
other districts, have common questions of fact relating to con-
spiracy and economic factors.    The complaints are essentially
identical, charging violations of Sections 1 and 2 of the Sher-
man Act.    It appears that most of the relevant documents are
in New York and most of the defendants have their principal
offices there.    There is no serious question that New York
would be at least as, if not more convenient than any other
district for pretrial discovery.    Indeed, at least three actions
commenced in Detroit were transferred to New York by stipulation
for this reason.    Document production has already commenced in
New York.    Because of the fact that pretrial proceedings have
already started in New York, Judge Metzner has acquired a degree

of familiarity with the litigation which could only be achieved
by another judge through duplication of judicial effort.   Since
approximately 79% of the cases are now pending in New York, the
consolidation of the other cases in that court will constitute
a relatively insignificant burden which Judge Metzner is willing
to assume.

For all of the foregoing reasons, we have concluded
that, with one exception noted below, the transfer of cases pend-
ing elsewhere than in the Southern District of New York to Judge
Metzner in that District for coordination and consolidation of
pretrial procedures will be for the convenience of parties and
witnesses and will promote the just and efficient conduct of
the actions.

Determination of all matters involving questions of
class actions shall be left to the sound judgment of Judge
Metzner.

The exception referred to above is  Robinson Electronic
Supervisory Co. v. Grinnell Corporation, et al., E. D. Pa.,
Civil Action No. 27961.   In that case, discovery has been sub-
stantially completed under the supervision of Judge Alfred L.
Luongo, and the case is close to being ready for trial.   No
point would be served by its transfer, and it will therefore
not be included in our oder.

IT IS THEREFORE ORDERED that the treble damage actions

pending in districts other than the Southern District of New York and listed in Schedule A hereto attached be, and they are hereby, transferred on the initiative of the Panel under Section 1407 of Title 28, United States Code, to the Honorable Charles M. Metzner of the Southern District of New York, all with the consent in writing of the transferee court attached hereto.

FOR THE PANEL:

_____
                        Member

IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF NEW YORK

PROTECTION DEVICES AND EQUIPMENT
AND CENTRAL STATION PROTECTION
SERVICE CASES

### CONSENT OF TRANSFEREE COURT
### UNDER SECTION 1407, TITLE 28, U.S.C.

The United States District Court for the Southern District
of New York does hereby consent to the transfer under Section
1407, Title 28, U.S.C., of multidistrict civil treble damage
antitrust actions involving Protection Devices and Equipment
and Central Station Protection Service to the Honorable Charles
M. Metzner of said District.

ENTER:

_____
Sidney Sugarman
Chief Judge

Date: _Sept 5 1968_

Schedule A

1. United States v. Grinnell Corporation, et al., S.D.N.Y., 65 Civ. 2486

2. Federated Department Stores, Inc. v. Grinnell Corporation, et al., S.D.N.Y. 67 Civ 2249

3. R. H. Macy & Co., Inc. v. Grinnell Corporation, et al., S.D.N.Y., 67 Civ 2258

4. City Stores Co., et al. v. Grinnell Corporation, et al., S.D.N.Y. 67 Civ 2259

5. Russ Togs, Inc., et al. v. Grinnell Corporation, et al., S.D.N.Y., 67 Civ 2594

6. Interstate Department Stores, Inc., et al. v. Grinnell Corporation, et al., S.D.N.Y. 67 Civ 2595

7. Swank, Inc. v. Grinnell Corporation, et al., S.D.N.Y. 67 Civ 2596

8. Associated Dry Goods Corporation, et al. v. Grinnell Corporation, et al., S.D.N.Y., 67 Civ 2606

9. Gimbel Brothers, Inc., et al. v. Grinnell Corporation, et al., S.D.N.Y., 67 Civ 2610

10. The May Department Stores Company v. Grinnell Corporation, et al., et al., S.D.N.Y., 67 Civ 2612

11. Zale Corporation, et al. v. Grinnell Corporation, et al., S.D.N.Y., 67 Civ 2615

12. Allied Stores Corporation, et al. v. Grinnell Corporation, et al., S.D.N.Y. 67 Civ 2615

13. Berkey Photo, Inc., et al. v. Grinnell Corporation, et al., S.D.N.Y. 67 Civ 2621

14. Spartans Industries, Inc., et al. v. Grinnell Corporation, et al., S.D.N.Y. 67 Civ 2622

15. Howard Harlem, Inc., et al. v. Grinnell Corporation, et al., S.D.N.Y. 67 Civ 2940

16. W. T. Grant Co. v. Grinnell Corporation, et al., S.D.N.Y., 67 Civ 3820

17. Lerner Stores Corp., et al. v. Grinnell Corporation, et al., S.D.N.Y. 67 Civ 4433

- 2 -

18. <u>McCrory Corporation v. Grinnell Corporation, et al.</u>, S.D.N.Y.
    67 Civ. 4719

19. <u>S. Klein Department Stores, Inc. v. Grinnell Corporation, et al.</u>,
    S.D.N.Y. 67 Civ. 4720

20. <u>Federal's Inc. v. Grinnell Corporation, et al.</u>, S.D.N.Y., 68 Civ. 573

21. <u>Arlan's Dept. Stores, Inc., et al. v. Grinnell Corporation, et al.</u>,
    S.D.N.Y. 68 Civ. 574

22. <u>Cunningham Drug Stores, Incorporated, et al. v. Grinnell Corporation,</u>
    et al., S.D.N.Y. 68 Civ. 659

23. <u>Zayre Corp., et al. v. Grinnell Corporation, et al.</u>, S.D.N.Y. 68 Civ. 2361

24. <u>Smith Detective Agency & Nightwatch Service, Inc. v. American District</u>
    Telegraph Co., et al., S.D.N.Y. 67 Civ. 2241

25. <u>McCane-Sondock Protection Systems, Inc. v. American District Telegraph</u>
    Co., et al., S.D.N.Y. 67 Civ. 2241

26. <u>Federal Engineering Co., Inc. v. American District Telegraph Co., et al.</u>,
    S.D.N.Y. 67 Civ. 2242

27. <u>Call's Police Signal Corp. v. American District Telegraph Co., et al.</u>,
    S.D.N.Y. 67 Civ. 2243

28. <u>Merchants Police Alarm Corp. v. American District Telegraph Co.,</u>
    et al., S.D.N.Y. 67 Civ. 2244

29. <u>Michigan Burglar Alarm Systems, Inc., et al. v. American District</u>
    Telegraph Co., et al., S.D.N.Y. 67 Civ. 2245

30. <u>Automatic Alarm Corp. v. American District Telegraph Co., et al.</u>,
    S.D.N.Y. 67 Civ. 2246

31. <u>Brink's, Incorporated, et al. v. Grinnell Corporation, et al.</u>, N.D. Ill.
    66 Civ. 2125

32. <u>Sears, Roebuck & Co. v. Grinnell Corporation, et al.</u>, N.D. Ill 67 Civ. 776

33. <u>Western Auto Supply Co. v. Grinnell Corporation, et al.</u>, N.D. Ill
    67 Civ. 918

34. <u>Montgomery Ward & Co. v. Grinnell Corporation, et al.</u>, N.D. Ill.
    67 Civ. 1167

35. <u>Stackler Enterprises v. American District Telegraph Company, et al.</u>,
    N.D. Ill. 68 Civ. 331

- 3 -

36. <u>Pizitz, Inc., et al. v. American District Telegraph Co., et al.</u>,
    N.D. Ala. 67 Civ. 471

38. <u>The Grand Union Company v. Grinnell Corporation, et al.</u>, S.D.N.Y.
    68 Civ. 2509

39. <u>Hutzler Brothers Co. v. Grinnell Corporation, et al.</u>, S.D.N.Y. 68 Civ. 2669

40. <u>J. C. Penney Company v. Grinnell Corporation, et al.</u>, S.D.N.Y.
    68 Civ. 2670

41. <u>Cartier, Inc. v. Grinnell Corporation, et al.</u>, S.D.N.Y. 68 Civ. 2671

42. <u>Robert Hall Clothes, Inc., et al. v. Grinnell Corporation, et al.</u>,
    S.D.N.Y. 68 Civ. 2722

43. <u>Su Crest Corporation, et al. v. Grinnell Corporation, et al.</u>, S.D.N.Y.
    68 Civ. 2723

44. <u>Snyder Drug Stores, Inc. v. Grinnell Corporation, et al.</u>, S.D.N.Y.
    68 Civ. 2741

45. <u>Aldens, Inc. v. Grinnell Corporation, et al.</u>, S.D.N.Y. 68 Civ. 2742

46. <u>Gamble-Skogmo, Inc. v. Grinnell Corporation, et al.</u>, S.D.N.Y. 68 Civ. 2743

47. <u>Shoppers World Midway Corp., et al. v. Grinnell Corporation, et al.</u>,
    S.D.N.Y. 68 Civ. 2744

48. <u>The State of New York v. Grinnell Corporation, et al.</u>, S.D.N.Y.
    68 Civ. 2765

49. <u>The Port of New York Authority v. Grinnell Corporation, et al.</u>,
    S.D.N.Y. 68 Civ. 2766

50. <u>Supermarkets General Corporation, et al. v. Grinnell Corporation, et al.</u>,
    S.D.N.Y. 68 Civ. 2774

51. <u>Hart Schaffner & Marx, et al. v. Grinnell Corporation, et al.</u>,
    S.D.N.Y. 68 Civ. 2775

52. <u>American Consumer Industries, Inc., et al. v. Grinnell Corporation,
    et al.</u>, S.D.N.Y.  68 Civ. 2776

53. <u>Shoe Corporation of America v. Grinnell Corporation, et al.</u>, S.D.N.Y.
    68 Civ. 2793

54. <u>Rapid American Corporation v. Grinnell Corporation, et al.</u>, S.D.N.Y.
    68 Civ. 2794

55. <u>The B. V. D. Company, Inc., et al. v. Grinnell Corporation, et al.</u>,
    S.D.N.Y. 68 Civ. 2795

- 4 -

56. The Certified Alarm & Signal Company v. Grinnell Corporation, et al.,
    S.D.N.Y. 68 Civ. 2556

57. Gerson Zimmerman d/b/a Ace of Spades Burglar Alarm Co. v. Grinnell
    Corporation, et al., S.D.N.Y. 68 Civ. 2557

58. Protection Alarms, Inc. v. Grinnell Corporation, et al. S.D.N.Y.
    68 Civ. 2558

59. Bay Alarm Company v. Grinnell Corporation, et al., S.D.N.Y. 68 Civ. 2559

60. Apex Signal Service Division of Apex Genie, Inc. v. Grinnell Corporation,
    et al., S.D.N.Y. 68 Civ. 2560

61. Peter J. Newmann d/b/a Albany Protective Service v. Grinnell
    Corporation, et al., S.D.N.Y. 68 Civ. 2561

62. Thomas DeLaRue, Inc. v. Automatic Fire Alarm Company of Delaware,
    et al., S.D.N.Y. 68 Civ. 2647

63. Pacific Fire Extinguisher Company v. American District Telegraph
    Company, et al., S.D.N.Y. 68 Civ. 2746

64. Owl Protective Company, Inc. (N.Y.) v. Grinnell Corporation, et al.,
    S.D.N.Y. 68 Civ. 2779

65. Owl Protective Company, Inc. (Pa.) v. Grinnell Corporation, et al.,
    S.D.N.Y. 68 Civ. 2780

66. Imperial Products Company, Inc. v. Grinnell Corporation, et al.,
    S.D.N.Y. 68 Civ. 2781

67. Central Office Alarm Company, Inc. v. Grinnell Corporation, et al.,
    S.D.N.Y. 68 Civ. 2782

68. Damon Alarm Corporation, et al. v. American District Telegraph
    Company, et al., S.D.N.Y. 68 Civ. 2789

69. Walworth Company, et al. v. Grinnell Corporation, et al., S.D.N.Y.
    68 Civ. 2828

70. Silberman Fur Corporation, et al. v. Holmes Electric Protection
    Company, S.D.N.Y. 68 Civ. 2829

71. Manhattan-Ward, Inc., et al. v. Grinnell Corporation, et al., E.D. Pa.,
    C.A. 68-1489

72. City of Detroit, et al. v. Grinnell Corporation, et al., E.D. Pa.,
    C.A. 68-1478

73. 1225 Vine Street Building, Inc., et al. v. Grinnell Corporation, et al.,
    E.D. Pa., C.A. 68-1479

- 5 -

74. Associated Barr Stores, Inc., et al. v. Grinnell Corporation, et al., E.D. Pa., C.A. 68-1490

75. Rhodes Western v. Grinnell Corporation, et al., N.D. Calif., Civ. 49577

76. Security Protective Alarms, Inc., et al. v. American District Telegraph Company, W.D. N.Y., Civ. 1968-210

*297 F. Supp. 622*

FILED

NOV 1 4 1968

JUDICIAL PANEL FOR
MULTIDISTRICT LITIGATION
PER
PROVISIONAL CLERK




THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE MULTIDISTRICT CIVIL ANTITRUST ACTIONS)
INVOLVING PROTECTION DEVICES AND EQUIPMENT )        DOCKET NO. 9
AND CENTRAL STATION PROTECTION SERVICES       )

OPINION AND ORDER TRANSFERRING CIVIL ACTIONS
UNDER SECTION 1407, TITLE 28, UNITED STATES CODE
TO THE SOUTHERN DISTRICT OF NEW YORK

———————

BEFORE ALFRED P. MURRAH AND JOHN MINOR WISDOM, CIRCUIT JUDGES, AND
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, AND JOSEPH S.
LORD, III, AND STANLEY A. WEIGEL, DISTRICT JUDGES

———————

PER CURIAM

On July 17, 1968, the Panel sua sponte issued an order to
show cause why the above-captioned litigation should not be consoli-
dated in one district court for pretrial proceedings.  The order was
directed to all parties in actions which were known to the Panel at
that time.  A hearing was held on August 8, 1968.  On October 3, 1968,
the Panel ordered all actions not already pending in the Southern
District of New York transferred to that district and assigned to
the Honorable Charles M. Metzner with the consent of the chief judge
of that court.  *In re Protection Devices and Protection Service Anti-
trust Cases*, _____ F. Supp. _____ (Judicial Panel on Multidistrict
Litigation, 1968).

- 2 -

The four cases listed on Schedule B were excluded from
that order as they had not been included in the original show
cause order.  Pursuant to a *show cause order* entered on October 9,
1968, a hearing was held on October 18, 1968 to consider transfer
of these four cases to the Southern District of New York or to
another district or districts for the conduct of pretrial pro-
ceedings.

Counsel for plaintiffs in the New Jersey action do not
oppose transfer to the Southern District of New York and all
defendants in all four cases favor such a transfer.

Counsel for the plaintiff States in the three actions now
pending in the Northern District of Illinois did not appear at the
hearing but advised the Panel that they oppose transfer of these
cases to the Southern District of New York relying on the briefs
filed, and the arguments previously made by them in opposition to
the original transfer.  We have reviewed the briefs and the
transcript of the August 8, 1968 hearing and remain convinced that
the consolidation of all these cases in the Southern District of
New York "will be for the convenience of parties and witnesses and
will promote the just and efficient conduct of the actions."
_____ F. Supp. _____ at _____.

IT IS THEREFORE ORDERED that the treble damage actions
listed in Schedule B hereto attached be, and they are hereby

- 3 -

transferred on the initiative of the Panel under 28 U.S.C. §1407

to the Southern District of New York and with the consent of that

court heretofore filed with the Clerk of the Panel, assigned to

the Honorable Charles M. Metzner of said court.


Attachment

Schedule B

<u>DISTRICT OF NEW JERSEY</u>

Electro Protective Corp., et al.                    Civil Action
                        v.                          No. 763-68
Grinnell Corporation, et al.


<u>NORTHERN DISTRICT OF ILLINOIS</u>

State of Connecticut                                Civil Action
                        v.                          No. 68C-1662
Grinnell Corporation, et al.

State of Maryland                                   Civil Action
                        v.                          No. 68C-1663
Grinnell Corporation, et al.

State of New Jersey                                 Civil Action
                        v.                          No. 68C-1667
Grinnell Corporation, et al.